O'HAGAN SPENCER LLP
Julian G. Senior (SBN 219098)
  E-mail:  jsenior@ohaganspencer.com
Bldg. 5A, Suite 250
1600 Rosecrans Ave.                    NOTE: Changes Made By this Court
Manhattan Beach, CA  90266
Phone No.: (310) 727-3330
Fax No.: (310) 727-3331

Clem C. Trischler (*Pro Hac Vice*)
  E-mail: CCT@Pietragallo.com
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
One Oxford Centre
The Thirty-Eighth Floor
Pittsburgh, PA  15219
Phone No.: (412) 263-2000
Fax No.: (412) 263-2001

Attorneys for Defendants
MYLAN, INC., MYLAN PHARMACEUTICALS INC.,
and MYLAN TECHNOLOGIES INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| WHITNEY BRAYTON, JENEA BRAYTON, and JOLINE BRAYTON, <br><br> Plaintiffs, <br><br> vs. <br><br> MYLAN, INC.; MYLAN PHARMACEUTICALS, INC.; MYLAN TECHNOLOGIES, INC., and DOES 1 – 10 <br><br> Defendants. | **CASE NO. EDCV10-1198VAP(VBKx)** <br><br><br> **STIPULATED PROTECTIVE ORDER** |

A party to this action has moved that the Court enter a protective order. The Court has determined that the terns set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the applicable rules of procedure and local rules on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a

STIPULATED PROTECTIVE ORDER

good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.

**4.    Depositions.**    Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such within 30 days of receipt of the deposition transcript, in writing.   Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

**5.    Protection of Confidential Material.**

**(a)    General    Protections.**    Documents    designated CONFIDENTIAL – SUBJECT  TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(**b**)    **Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

STIPULATED PROTECTIVE ORDER

**(1) Counsel.** Counsel (or the parties and employees and agents of counsel) who have responsibility for the preparation and trial of the action;

**(2) Parties.** Parties and employees of a party to this Order.[1]

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4) Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(5) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(6) The Court and Court personnel.**

**(c) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year

---

[1] NOTE: If the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties may stipulate or move for the establishment of an additional category of protection that prohibits disclosure of such documents or information to category (2) or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the order.

STIPULATED PROTECTIVE ORDER

after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

**(d)    Copies.**    Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as ("copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e)    Inadvertent Production.**    Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by the applicable rules of procedure.

**6.    Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.**  The Court highly discourages the manual filing of any pleadings or documents under seal.  To the extent that a brief; memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. **PARTIES WILL COMPLY WITH L.R. 79-5.**

STIPULATED PROTECTIVE ORDER

(a)     Before any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(b)     Where agreement is not possible or adequate, before a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope.  A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

(c)     To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court.  In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version.  The public version shall contain a redaction of references to CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.  The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above.  A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

(d)     If any party notifies another party that they intend or need to file one or more of the Protected Documents in response to a motion

STIPULATED PROTECTIVE ORDER

previously filed, the party who filed such motion specifically agrees to provide whatever extension or continuance is necessary to file such response to allow for compliance with paragraph. Specifically, upon request, the parties agree to provide an extension or continuance for the filing of any response to any motion to provide appropriate time to comply with applicable law regarding filing such documents under seal.

**7.** **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**8.** **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion under the applicable rules of procedure and local rules of the Court and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

**9.** **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE

ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**10.    Obligations on Conclusion of Litigation.**

**(a)    Order Remains in Effect.**    Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of judgment not subject to further appeal.

**(b)    Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents.**    Within thirty days after dismissal or entry of final judgment not subject to further appeal of all other lawsuits in which HOP is lead counsel in an FTS Cases, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; OR (2) the party in possession of such document(s) elects to destroy the documents and certifies to the producing party that it has done so.    Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.    This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a

subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**12.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection applicable law until such time as the Court may rule on a specific document or issue.

**13.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered*. AS AMENDED.

Dated: July 21, 2011

_____/s/_____
Honorable Judge Victor B. Kenton

United States Magistrate Judge

| 1 | _/s/ Craig C. Sheffer_ |
| | Craig C. Sheffer, Esq. |
| 2 | Dreyer Babich Buccola Wood, LLP |
| | 20 Bicentennial Circle |
| 3 | Sacramento, CA 95826 |
| | *Counsel for Plaintiffs* |
| 4 | |

1     _/s/ Craig C. Sheffer_
    Craig C. Sheffer, Esq.
2     Dreyer Babich Buccola Wood, LLP
    20 Bicentennial Circle
3     Sacramento, CA 95826
    *Counsel for Plaintiffs*
4

5

6     _/s/ James Craig Orr, Jr._
    James Craig Orr, Jr., Esquire
    Michael E. Heygood, Esquire
7     Eric D. Pearson, Esquire
    Charles W. Miller, Esquire
8     Heygood, Orr & Pearson
    2331 W. Northwest Highway, 2nd Floor
9     Dallas, TX 75220
    *Counsel for Plaintiffs*
10

11

12    _/s/ Julian G. Senior_
    Julian G. Senior, Esq.
    O'Hagan Spencer LLP
13    Bldg. 5A, Suite 250
    1600 Rosecrans Ave.
14    Manhattan Beach, CA 90266
    *Counsel for Defendants*
15

16

17    _/s/ Clem C. Trischler_
    Clem C. Trischler, Esq.
    Pietragallo Gordon Alfano Bosick & Raspanti, LLP
18    The Thirty-Eighth Floor
    One Oxford Centre
19    Pittsburgh, PA 15219
    *Counsel for Defendants*
20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

# ATTACHMENT A
## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof; and agrees to be hound by its terms. The undersigned submits to the jurisdiction of the Court herein in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that intentional violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____      _____

Signature

1901232-v1

1

ATTACHMENT "A" TO STIPULATED PROTECTIVE ORDER